UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

  **-vs-**                                                                                   Case No. 1:25-cr-00023-JB

**ADAM GARCIA,**

        **Defendant.**

## ORDER DENYING DEFENDANT'S EMERGENCY SEALED MOTION TO RECONSIDER DETENTION ORDER AND REQUEST PRETRIAL RELEASE

**THIS MATTER** is before the Court on defendant Adam Garcia's Emergency Sealed Motion to Reconsider Detention Order and Request Pretrial Release, filed on April 4, 2025. Doc. 20. The United States and the Probation Office oppose Mr. Garcia's motion. Docs. 22, 24. The Court held a hearing on the motion on April 22, 2025. Doc. 25. For the following reasons, the Court DENIES the motion.

On December 23, 2024, the Court detained Mr. Garcia both as a flight risk and a danger to the community. Doc. 11. The Court's findings were based on the criminal complaint, the evidence presented at the preliminary hearing, and the information in the pretrial services report.

Mr. Garcia now asks the Court to reconsider detention because (1) his mother is ill with chronic lung disease and he wants to help care for her, (2) he was fully compliant with law enforcement when he was arrested, and (3) "the allegations about a shooting appear to have been entirely fabricated." *See* Doc. 20 at 1–2. The United States argues that Mr. Garcia has failed to present sufficient evidence to warrant either reconsideration or reopening the detention hearing. *See* Doc. 22 at 1. The Court agrees with the United States.

First, Mr. Garcia has not given the Court a reason to reconsider its original detention order. A Court may grant a motion to reconsider only if it has misapprehended the facts or law, a party's position, or to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Motions to reconsider are proper in criminal cases even though the Federal Rules of Criminal Procedure do not specifically provide for them. *United States v. Randall*, 666 F.3d 1238, 1241–42 (10th Cir. 2011). Mr. Garcia has made no argument that the Court misapprehended anything at the original detention hearing, or that the Court clearly erred in detaining Mr. Garcia, or that release is required to prevent manifest injustice. *See* Doc. 20.

Second, although a judicial officer may reopen a detention hearing, she may do so only if she "finds that information exists that was not known to the movant [Mr. Garcia] at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2). Here, although the information about his mother's illness may be new information, that information does not have a material bearing on whether Mr. Garcia poses either a risk of nonappearance or a danger to the community. Further, the fact that Mr. Garcia complied with law enforcement officers when they encountered him was known to Mr. Garcia at the original detention hearing and also was recounted in the criminal complaint. *See* Doc. 1 at 3, ¶¶ 9, 10. Finally, with regard to whether "the allegations about a shooting appear to have been entirely fabricated," Doc. 20 at 2, there is no evidence that the law enforcement officers who responded to the residence where Mr. Garcia was found acted in bad faith or had any reason to know whether the report of a "possible shooting" was accurate, *see* Doc. 1 at 3, ¶ 8. The Court did not base its order of detention on a finding that Mr. Garcia had

been involved in a shooting on October 11, 2024; it only found that the evidence that Mr. Garcia had illegally possessed a firearm was strong. *See* Doc. 11 at 2–3. Thus, this information also does not have a material bearing on whether Mr. Garcia poses a risk of nonappearance or a danger to the community. In short, Mr. Garcia has not submitted sufficient information for the Court to reopen the detention hearing.

**IT IS THEREFORE ORDERED** that defendant Adam Garcia's Emergency Sealed Motion to Reconsider Detention Order and Request Pretrial Release (Doc. 20) is denied.

DATED this 23rd day of April 2025

_____t
Laura Fashing
United States Magistrate Judge